**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Humphreys & Partners Architects, L.P., ) | |
| ) | |
| Plaintiff, ) | NO.  CIV 04-2994-PHX-FJM |
| ) | |
| vs. ) | |
| ) | **SETTLEMENT CONFERENCE ORDER** |
| Metropolitan Life Insurance, Co., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case has been referred to United States Magistrate Judge David K. Duncan for a Settlement Conference.

The purpose of the Settlement Conference is to facilitate settlement of this case, if that is appropriate.  It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached.  To that end, all matters communicated to the undersigned expressly in confidence will be kept confidential, and will not be disclosed to any other party. Rule 408, Federal Rules of Evidence, applies to all aspects of the Settlement Conference.  All communications and information exchanges made in the settlement process, not otherwise discoverable, will not be admissible in evidence for any purpose, and shall not be used for any purpose outside the settlement process itself.  At the conclusion of the Settlement Conference, all documents submitted by the parties shall be returned, destroyed, or otherwise disposed of in the manner directed by the settlement judge.

At the Settlement Conference and subject to modification by the Court depending on the uniqueness of each case, each party, through counsel or individually if unrepresented, may be asked to give a brief presentation outlining the factual and legal highlights of that party's case and may be asked general and specific questions by the Court. Thereafter, separate and private caucuses will be held with each party, the party's representative and the settlement judge.

This Order mandating the parties', representatives', and insurers' physical appearance is intended to increase the efficiency and effectiveness of the Settlement Conference by reducing the time for communication of offers and expanding the ability to explore the varied options for settlement; to give the adverse parties the opportunity to hear the rationale and arguments regarding the likelihood of success of the claims/defenses directly from the lawyers who will be trying the case; to meet the litigants and representatives themselves; and to hear first-hand the candid, objective comments by a neutral settlement judge regarding the case or the judicial process.

Experience has taught the undersigned that the physical presence, rather than the availability by telephone, and participation of those individuals with the authority to settle cases will substantially increase the likelihood of settlement and will lead to more meaningful negotiations. Consequently, and pursuant to the authority granted to the Court in 28 U.S.C. § 473(b)(5), representatives of the parties with full, complete, and unlimited authority to discuss and settle the case shall be physically present unless expressly excused by the undersigned by formal motion and order issued prior to the subject settlement conference for good cause shown.

Accordingly,

Pursuant to Rule 16, Federal Rules of Civil Procedure, and 28 U.S.C. § 473(b)(5),

**IT IS ORDERED** that:

1. All parties and their counsel who are responsible for trial of this case **SHALL** physically appear before the undersigned settlement judge, Courtroom 305, Sandra Day O'Connor U. S. Courthouse, 401 West Washington Street, Phoenix, Arizona on **Tuesday, January 10, 2006, at 9:00 a.m.**

If a Defendant is an insured party, a representative of that party's insurer with full, complete, and unlimited authority to discuss and settle the case **SHALL** physically appear at the aforesaid date and time.  An uninsured or self-insured corporate party **SHALL** physically appear at aforesaid Settlement Conference through its authorized representative with full, complete, and unlimited authority to discuss and settle the case.[1]

2. Experience also teaches that settlement conferences are often unproductive unless the parties have exchanged demands and offers of compromise before the conference and have made a serious effort to settle the case on their own.  Accordingly, before arriving at the Settlement Conference the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court.  The parties shall exchange written correspondence regarding settlement.  The Plaintiff's demand shall be delivered to defense counsel, the insurers' and corporate representatives not less than **30** days before the Settlement Conference Memoranda are due.  Defendants' response to the demand shall be delivered to Plaintiff's counsel not less than **14** days before the Settlement Conference Memoranda are due.

3.  If a third person or corporate entity is involved, such as a worker's compensation carrier or a health insurance carrier, who asserts a substantial lien on any settlement monies for medical and hospital expenses and/or lost wages, arrangements shall be made to notify said person or entity of the Settlement Conference.  Plaintiff's counsel shall promptly provide a true and complete copy of this Order to said person, entity or its authorized representative.  *See*, A.R.S. § 23-1023(c); *Stout v. State Compensation Fund*, 197 Ariz. 238, 3 P.3d 1158 (2000).

---

[1]This requirement that a representative physically appear with full, complete, and unlimited authority is only satisfied where the representative is the decision-maker with full authority to settle the matter: for a party asserting a claim, this means full authority to stipulate to dismissal and release of all claims; for a party defending a claim, this means full authority to satisfy the opposing party's existing settlement demand or offer.  If it becomes apparent to the Court that a party has not complied with this requirement, the Court will recess the settlement conference until such time that the noncomplying party is in full compliance with this Order.  The Court may further order the noncomplying party to show cause why it should not pay the opposing party's reasonable attorney's fees and transportation costs incurred in attending the first conference.

4.  In the absence of a prior Order by the undersigned to the contrary, all Settlement Conference Memoranda are to be exchanged between counsel no later than **five (5) business days prior to the Settlement Conference.** Counsel and all individuals attending the Settlement Conference shall review all parties' memoranda and counsel shall explain the settlement conference procedures to their clients and representatives before the Settlement Conference.

Each party shall provide the Court with that party's Settlement Conference Memorandum, **at least five (5) business days before the Settlement Conference**.  Said Memoranda may be transmitted by facsimile (602-322-7639) or by such other method of transmittal as will assure receipt by the undersigned by no later than the deadline prescribed in the preceding sentence.  The Settlement Conference Memoranda shall **NOT** be filed with the Clerk.  Each Memorandum shall address the following:

a.  A brief statement of the facts of the case.

b. A brief statement of the claims or defenses as appropriate for the party, i.e., statutory or other grounds upon which the claims or defenses are founded, including the citation to appropriate authorities; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c.  A summary of the proceedings to date including rulings on motions and motions outstanding, if any.

d.  An estimate of the costs and time to be expended for further discovery, pretrial litigation and trial, including past and future attorneys' and experts' fees.

e.  A brief statement of the facts and issues upon which the parties agree.

f.  Whether there is/are any distinct or dominant issue(s) which, if resolved, would likely aid in the disposition of the case.

g.  The relief sought.

h.  Each party's position on settlement, including present demands and offers and the history of past settlement discussions, offers and demands.

- 4 -

In the absence of any Order by the undersigned to the contrary, each party's Settlement Conference Memorandum shall not exceed seventeen (17) pages exclusive of attachments and shall otherwise comply with the Rules of Practice for the United States District Court for the District of Arizona. *See*, LRCiv 7.2, 7.2(a) and 7.1(b)(1), Rules of Practice, District of Arizona. No responsive memorandum shall be permitted.

5. If the Settlement Conference is held, the Court will assume that the parties have agreed to separate meetings (caucuses) with the settlement judge. Ethical rules prohibit <u>ex parte</u> caucuses without such agreement. By appearing at this conference, the Court will deem that the parties have consented to this procedure and have waived any objection thereto unless a written Objection is filed not less than three (3) business days before the Settlement Conference.

6. Absent good cause shown, if any party, counsel or representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(D), Federal Rules of Civil Procedure, which may include an award of reasonable attorney's fees and expenses and/or a finding of contempt. *See* 28 U.S.C. § 636(e).

7. Counsel and any party, if unrepresented by counsel, shall notify the Court in writing at least ten (10) business days before the Settlement Conference if an attorney or unrepresented party believes that the Settlement Conference would be a futile act resulting in an economic waste because, for example, a party or insurer has adopted a position from which that party or insurer refuses to deviate. The Court will then consider whether the Settlement Conference would be helpful and, if not, whether the Settlement Conference should be canceled or whether other forms of alternative dispute resolution should be considered. If there is disagreement between or among the attorneys or unrepresented parties on this issue or any other issue, they are instructed to arrange for a telephonic conference with the Court and all counsel as soon as reasonably practical. If no such conference is arranged, it will be presumed that all counsel, their clients and any unrepresented party believe that there is a reasonable, good faith

1   opportunity for settlement, and that the involvement of a settlement judge is needed to

2   accomplish it.

3          DATED this 14th day of October, 2005.

4

5

6

7                                                    _____
                                                     David K. Duncan
8                                                    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 6 -